IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAN A. COLE, | ) | CIVIL NO.  05-00325 JMS/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING |
| | ) | DEFENDANTS' MOTIONS TO |
| STATE OF HAWAI'I, COUNTY OF | ) | DISMISS PLAINTIFF'S SECOND |
| HAWAI'I, JOHN DOE 1-50, JANE | ) | AMENDED COMPLAINT |
| DOE 1-10, DOE CORPORATIONS | ) | |
| 1-10, DOE PARTNERSHIPS 1-10, | ) | |
| DOE GOVERNMENT AGENCIES | ) | |
| 1-10, | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT

I.  INTRODUCTION

Defendants State of Hawai'i ("State") and County of Hawai'i

("County") have moved this court to dismiss the Second Amended Complaint filed

by plaintiff Dan A. Cole.  The court concludes that all of Cole's claims against the

State are barred by the Eleventh Amendment to the United States Constitution.

The court further concludes that all of Cole's claims against the County are barred

by the applicable statutes of limitations or because they fail to state a claim upon

which relief can be granted.  Therefore, the court GRANTS the Defendants'

motions to dismiss Cole's Second Amended Complaint with prejudice.

## II. <u>BACKGROUND</u>

Cole alleges that, in 2001, a contractor dumped petroleum-

contaminated rocks and soil on his property.  He contends that this contractor had

a contract with the County to remove flood debris from Hilo streams, and that he

had entered into an agreement with the contractor to deliver some of this flood

debris to his property.  According to Cole, however, the flood debris to be

delivered to his property was supposed to be "inert fill material," when in fact the

contractor delivered petroleum-contaminated materials.  Cole alleges that the State

and County are responsible for the damage to his property and have violated his

constitutional rights in failing to remedy the situation.

On May 17, 2005, Cole filed his Complaint against the State and

County.  The County and State filed separate motions to dismiss on June 7 and 13,

2005, respectively.  Cole filed responses to these motions on June 15 and June 21,

respectively.

On June 17, 2005 (*i.e.*, after the County and the State filed their

motions to dismiss), Cole filed an Amended Complaint without leave of court.

The County filed a motion to strike or dismiss Cole's Amended Complaint on June

24, 2005, and the State filed a motion to dismiss Cole's Amended Complaint on August 1, 2005.  The court heard arguments on these motions on August 15, 2005. On August 16, 2005, the court denied the County's motion to strike, granted the Defendants' motions to dismiss the claims for relief set forth in Cole's pleadings, and granted Cole leave to amend his Complaint.

Cole filed his Second Amended Complaint on September 27, 2005. The County and State filed motions to dismiss Cole's Second Amended Complaint on October 7 and 11, 2005, respectively.

The court heard arguments on the motions on January 9, 2006.  Cole and Katherine Garson, Deputy Corporation Counsel for the County, were granted leave of court to appear for this hearing via telephone.  After reviewing the moving papers, the supporting and opposing memoranda, and the arguments of counsel and Cole, the court GRANTS the Defendants' motions.

## III.  DISCUSSION

A.    The court will construe Cole's pleadings liberally

Cole is appearing pro se; consequently, this court will liberally construe Cole's pleadings.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the

3

'inartful pleading' of pro se litigants."  (Citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).)).

B.    Even with a liberal construction, Cole's pleadings fail to state a claim upon which relief can be granted

Federal Rules of Civil Procedure Rule 12(b)(6) allows the Defendants to file a motion to dismiss for "failure to state a claim upon which relief can be granted[.]"  After analyzing each of Cole's claims as set forth in his Second Amended Complaint, this court concludes that Cole has failed to state a claim upon which this court can grant relief.

Cole alleges that the State and County violated 42 U.S.C. §§ 1981, 1983, 1985, and 1986 by denying him his right to procedural due process; by conspiring against him to deprive him of his right to procedural due process; by discriminating against him on the basis of race; and by denying him equal protection of the laws.  Cole also attempts to set forth a claim pursuant to the False Claims Act, 31 U.S.C. § 3729.

As discussed below, Cole's claims against the State are barred by the Eleventh Amendment to the United States Constitution.  Cole's claims against the County are likewise dismissed based on the applicable statutes of limitations and on Cole's failure to state a claim upon which relief can be granted.  Finally, Cole's

False Claims Act claim fails to comply with the procedural requirements for filing such a claim. Consequently, the court GRANTS the Defendants' motions to dismiss.

**1.    Cole's claims against the State are barred by the Eleventh Amendment**

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Pursuant to the Eleventh Amendment, states cannot be sued in federal court, whether by their own citizens or citizens of another state. *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Hans v. Louisiana*, 134 U.S. 1 (1890). States may, however, be held to answer in federal court in two limited circumstances: where the state waives its sovereign immunity and where Congress expressly abrogates state sovereign immunity with respect to a particular federal claim. *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999) (stating that Eleventh Amendment immunity is waivable); *Quern v. Jordan*, 440 U.S. 332 (1979) (holding that Congress may abrogate Eleventh Amendment immunity in certain circumstances).

The State of Hawaii has not waived its sovereign immunity.

Although Hawaii has waived its sovereign immunity as to "any contract, expressed

or implied, with the State," Hawaii Revised Statutes (HRS) § 661-1(1) (1993), it

has done so solely with respect to state court actions.  *See Office of Hawai'ian*

*Affairs v. Dep't of Educ.*, 951 F.Supp. 1484, 1491 (D. Haw. 1996) ("[HRS § 661-

1] does not extend consent to suits in federal court."); *see also Fordyce v. City of*

*Seattle*, 55 F.3d 436, 441 (9th Cir. 1995) ("Although [a state] may waive the

protection of the Eleventh Amendment's jurisdictional bar by passing a statute

consenting to be sued, a statute consenting to suit in state court does not constitute

consent to suit in federal court.").  Nothing in the language of HRS § 661-1

suggests that Hawaii intended to subject itself to suit in federal court.  Moreover,

the Hawaii legislature has specifically declared that it intended HRS § 661-1 to

extend jurisdiction to state courts but not to federal courts.  *See* 1984 Haw. Sess.

L. Act 135, § 1 at 258 ("The purpose of this Act is to . . . extend jurisdiction to

district courts in tort actions . . . and certain other claims against the State . . . and

not to extend jurisdiction for such actions and claims to federal district courts.");

*see also Office of Hawai'ian Affairs*, 951 F. Supp. at 1491 (discussing both plain

language and legislative intent and concluding that HRS §§ 661-1 and 662-2,

which waived the state's immunity for torts committed by its employees, do not waive the state's Eleventh Amendment immunity).

Congress has not abrogated the states' sovereign immunity with respect to §§ 1981, 1983, 1985, and 1986.  As the Supreme Court has stated, a federal statute providing a private cause of action does not subject states to suit in federal court unless the statute "explicitly and by clear language indicate[s] on its face an intent to sweep away the immunity of the States."  *Quern*, 440 U.S. at 332.  None of these statutes (§§ 1981, 1983, 1985, or 1986) expressly abrogates states' immunity from suit in federal court, and courts have consistently held that the Eleventh Amendment bars these suits against the states.  42 U.S.C. §§ 1981, 1983, 1985, 1986; *see Edelman v. Jordan*, 415 U.S. 651, 677 (1974) (holding that § 1983 does not override a state's Eleventh Amendment immunity); *Cerrato v. San Francisco Cmty. Coll. Dist.*, 26 F.3d 968, 972, 975 (9th Cir. 1994) (holding that the Eleventh Amendment bars §§ 1983, 1985, and 1986 claims against the states); *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (holding that the Los Angeles Community College District was entitled to Eleventh Amendment immunity from the plaintiff's §§ 1981, 1983, and 1985 claims).

The State has not waived its sovereign immunity with respect to Mr. Cole's §§ 1981, 1983, 1985, or 1986 claims; similarly, Congress has not abrogated Hawaii's sovereign immunity with respect to claims for relief brought pursuant to these four statutes.  Therefore, the State is entitled to a dismissal, with prejudice, of Cole's claims against it.

> ## 2. Cole's claims against the County will be dismissed because they are barred by *Monell* and because they are barred by the applicable statute of limitations

Cole alleges that the County violated his constitutional rights through a series of actions beginning in 2001 and continuing through May 10, 2005.  Cole did not bring a claim for relief against any individual County officials, however, nor does he contend that "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690 (1978).  The County cannot be held liable under §§ 1981, 1983, 1985, or 1986 simply on the theory of respondeat superior; instead, Mr. Cole must demonstrate a direct connection between a County policy or custom and the harm suffered.  *See id.*; *see also Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) ("The general assertion that a municipality gives monetary support or intervenes in the operations of a separate educational institution with no

showing of a direct connection between the municipality's actions and the alleged

discrimination is insufficient to state a claim under §§ 1981, 1983, 1985(3) or

2000e."); *Luke v. Abbott*, 954 F.Supp. 202, 202 n.1 (C.D. Cal. 1997) ("The *Monell*

municipal liability doctrine not only applies to § 1983 cases, but also applies to

conspiracy claims under 42 U.S.C. §§ 1985(3) and 1986.").  Cole has not alleged

that the County has any such policy or custom; based on this reason alone, the

court could dismiss Cole's Second Amended Complaint.

If this were the only deficiency in Mr. Cole's Second Amended

Complaint, the court would grant Cole leave to amend one more time.  The court

concludes that granting Cole leave to amend would be futile, however, insofar as

his claims for relief are barred by the applicable statutes of limitations.  Each of

Cole's claims for relief -- based on §§ 1981, 1983, 1985, 1986, and the False

Claims Act -- is addressed in turn.

   a.    42 U.S.C. § 1981

The County's motion to dismiss is granted as to Cole's § 1981 claim.

The § 1981 claim is barred because it rests on events that occurred more than two

years ago, and therefore falls outside the statute of limitations; to the extent that

Cole discusses events that occurred within the limitations period, he fails to allege

racial discrimination, which is a required element of a § 1981 claim.

Federal law determines when a cause of action based on a federal statute accrues. *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153-54 (9th Cir. 2000). "'[U]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Id.* (*quoting Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)). "'The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful.'" *Stanley v. Trustees of the Calif. State Univ.*, No. 04-15134, 2006 WL 51139, at *5 (9th Cir. January 11, 2006) *(quoting Abramson v. Univ. of Haw.*, 594 F.2d 202, 209 (9th Cir. 1979)).

Section 1981, like many of the civil rights statutes, does not contain a statute of limitations. In *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987), the Supreme Court held that courts must borrow the most "appropriate or analogous" statute of limitations from state law when deciding claims based on § 1981. Following this decision, lower courts, including the District of Hawaii, have applied the state statute of limitations for personal injury claims to § 1981 actions. *See*, *e.g.*, *Lesane v. Hawaiian Airlines*, 75 F. Supp. 2d 1113, 1120 (D. Haw. 1999) ("The two-year limitations period governing personal injury actions is the most analogous state statute of limitations to govern § 1981 suits[.]").

10

Hawaii's statute of limitations for personal injury actions, HRS § 657-7, is two years.

In 1990, Congress enacted a "catchall" four-year statute of limitations that applies to federal statutes enacted after December 1, 1990.  28 U.S.C. § 1658. Because Congress amended § 1981 in 1991, an issue arises as to whether Cole's claim under § 1981, as amended by the 1991 Civil Rights Act, is governed by the two-year statute of limitations for personal injury claims or the four-year statute of limitations established by § 1658.  In *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004), the Supreme Court held that "a cause of action 'aris[es] under an Act of Congress enacted' after December 1, 1990 -- and therefore is governed by § 1658's 4-year statute of limitations -- if the plaintiff's claim against the defendant was made possible by a post-1990 enactment."

Cole's § 1981 claim, however, was not "made possible" by the 1991 amendments to § 1981, and is therefore subject to a two-year statute of limitations. Cole alleges that, in 2001, County officials treated him differently than other similarly situated citizens because of his race.  Even if the court were to accept these allegations as true, this type of claim was available prior to the 1991 amendments to § 1981 and therefore is subject to a two-year statute of limitations. *Cf. Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 n.5 (9th Cir. 2004)

11

("Th[e] uniform limitations period applies, for example, to hostile work environment and wrongful termination claims under § 1981 that were made possible by the Civil Rights Act of 1991.  However, [the plaintiff's Establishment Clause] claims were not made possible by a post-1990 statute or amendment and thus are not covered by § 1658's four-year limitations period."  (Citations omitted.)).  Because Cole did not file his Complaint until May 17, 2005, he cannot recover for any alleged wrongdoing that occurred before May 17, 2003.

Cole's Second Amended Complaint contains the following factual allegations regarding events that have supposedly occurred since May 17, 2003:

1.  In a report dated March 18, 2004, Paul Nash (an engineer with the County) provided the County Council with a report in which he admitted that in 2001 and/or 2002 he and Andrew Stout (from the United States Department of Agriculture) had provided the County Council with false information regarding the disposal of debris;[1]

---

[1] At the January 9, 2006 hearing,  Cole clarified his assertions and explained that the 2004 report itself contained accurate information, and that the report thus indicated that the federal, state, and county governments knew in 2001 and 2002 that the contractor had not complied with the terms of the contract.

12

2.     Cole met with several County officials on May 28, 2004, at which
time Cole presented evidence of fraud against the United States and
evidence of illegal acts of dumping;

3.     On June 4, 2004, Lincoln S.T. Ashida, Corporation Counsel for the
County, wrote a letter to the Attorney General of Hawaii in which
Ashida asked the Attorney General to initiate an investigation into
Cole's allegations;

4.     On March 15, 2005, Cole met with Hawaii County Police Department
Officer Jason Grouns.  Cole wished to file a complaint against State
officials for having threatened and/or harassed him, but Officer
Grouns and other County officials refused to initiate a complaint;

5.     In March and April of 2005, Cole contacted the County Prosecutor's
office to discuss this matter.  Cole alleges that the Deputy Prosecuting
Attorney with whom he spoke violated his constitutional rights,
although Cole does not explain how his rights were violated; and

6.     The Defendants have been and continue to be involved in a
conspiracy to deprive Cole of his constitutional rights.[2]

---

[2] Cole also alleges that Steven Y.K. Chang, Chief of the Solid and Hazardous Waste
Branch of the State of Hawaii's Department of Health, sent him a threatening and intimidating
letter dated August 19, 2004.  As the court stated, Cole's claims against the State are barred by

The court addresses Cole's conspiracy claims below, in the section discussing 42 U.S.C. § 1985.  As to items one through five, none states a claim for relief pursuant to § 1981 because Cole does not allege that County officials took any action against him based on his race.        In other words, Cole's Second Amended Complaint contains no allegations of any kind suggesting that, since May 17, 2003, County officials have treated Cole differently because of his race.[3]  Consequently, Cole's § 1981 claims are hereby dismissed.

In sum, the County's motion to dismiss is granted as to Cole's § 1981 claim.  The § 1981 claim is barred either because:  (1) it is based on events that occurred more than two years ago; or (2) it fails to allege racial discrimination, which is a required element of a § 1981 claim.

> b.    42 U.S.C. § 1983

---

the Eleventh Amendment.  Because this particular allegation concerns the State and not the County, the court will not address this particular event.

[3] Cole's Second Amended Complaint contains two allegations of racial discrimination: first, Cole contends that, in 2001, Mr. Nash ordered the contractor to remove debris from the property of a Mr. Yoza, but refused to order the contractor to remove debris from Cole's property, and that "the actions of Mr. Nash provide *prima facie* evidence of the racial bias against the Plaintiff"; second, Cole asserts that "[t]he actions of the Defendants show a clear and definable pattern of bias against the Plaintiff.  The Plaintiff understands the bias to be racially motivated as a cohort analysis would identify the Plaintiff to be of a different cognizable racial group than the majority of the Defendants who were acting under the color of statute, and the well documented history in the State of Hawaii of bias against the cognizable group to which the Plaintiff is a member[.]"  Second Amended Complaint at 6-7, 27-28.  Cole does not tie this second allegation to any specific time period, and nothing in his Second Amended Complaint suggests that any racial discrimination occurred within the statutory period.

14

The County's motion to dismiss is granted as to Cole's § 1983 claim as well.  The § 1983 claim, like the § 1981 claim, is barred because it rests on events that occurred more than two years ago (and therefore falls outside the statute of limitations); to the extent that Cole discusses events that occurred within the limitations period, he fails to allege a constitutional violation (a required element of a § 1983 claim).

Section 1983 does not contain a statute of limitations.  The Supreme Court has held that courts should look to the local statute of limitations for personal injury actions as the most analogous statute to § 1983.  *Wilson v. Garcia*, 471 U.S. 261, 276 (1985).  Therefore, Hawaii's two-year statute of limitations for personal injury actions, HRS § 657-7, applies to Cole's §1983 claim.  As Cole did not file his complaint until May 17, 2005, all of his allegations concerning constitutional violations in 2001 and 2002 are barred by the statute of limitations.

To determine whether Cole's allegations of events that occurred within the statutory period are sufficient to support a § 1983 claim, the court must determine whether Cole has alleged "discrete acts" that occurred within the limitations period and that violated Cole's constitutional rights.  *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002).  The court has reviewed the allegations concerning events that have supposedly occurred since May 17,

2003 (as set forth above).[4]  Items 1 through 5, above, fail to state a claim upon

which relief can be granted insofar as none of the items alleges a cognizable

constitutional violation.  Item #1 alleges that Cole's property was injured in 2001

and that he has not received an adequate post-deprivation remedy for that injury,

but this claim is barred by the applicable statute of limitations.  Item #2, read

liberally, alleges that the County did not follow through on Cole's complaints of

fraud and illegal dumping; nevertheless, even if Cole's allegations are correct, the

court will not interfere with the County's prosecutorial decision.  *See*, *e.g.*, *United*

*States v. Banuelos-Rodriguez*, 215 F.3d 969, 976 (9th Cir. 2000) ("Courts

generally have no place interfering with a prosecutor's discretion regarding whom

to prosecute, what charges to file, and whether to engage in plea negotiations.");

*cf. Butz v. Economou*, 438 U.S. 478, 515 (1978) ("An agency official, like a

prosecutor, may have broad discretion in deciding whether a proceeding should be

brought and what sanctions should be sought.").  Item #4 alleges that the County

Police Department did not investigate Cole's complaint.  Just as prosecutors have

broad discretion in determining whom to prosecute, a police officer has broad

discretion in conducting her or his investigation and will be immune from suit

---

[4] The court will discuss the conspiracy claim (item #6) below in the section on 42 U.S.C.
§ 1985.

absent a violation of a clearly established constitutional or statutory right.  *See,*

*e.g., Wilson v. Layne*, 526 U.S. 603, 609 (1999) ("[G]overnment officials

performing discretionary functions generally are granted a qualified immunity and

are 'shielded from liability for civil damages insofar as their conduct does not

violate clearly established statutory or constitutional rights of which a reasonable

person would have known.'" (Quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818

(1982))).  Items 3 and 5 fail to allege any constitutional violations whatsoever.

Consequently, Cole's § 1983 claim is hereby dismissed.

In sum, the County's motion to dismiss is granted as to Cole's § 1983

claim.  The § 1983 claim is barred because it rests on events that occurred more

than two years ago (and therefore falls outside the statute of limitations), and the

remaining events (those that occurred within the limitations period) fail to

demonstrate that a constitutional violation occurred.

c.    42 U.S.C. § 1985

Cole's § 1985 claim alleges that County officials were involved in a

conspiracy to deprive him of his civil rights.  Cole does not specify which of his

factual allegations forms the basis of the alleged conspiracy or which section of § 1985 the alleged conspiracy violates.[5]

Like §§ 1981 and 1983, Hawaii's two-year statute of limitations for personal injury actions applies to Cole's § 1985 claim. *McDougal v. County of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991) ("[S]uits under § 1985(3) are also best characterized as personal injury actions and are governed by the same statute of limitations as actions under § 1983."). Although the court looks to Hawaii law to determine the length of the limitations period, federal law determines the date on which the limitations period begins to run. *Cline v. Brusett*, 661 F.2d 108, 110 (9th Cir. 1981) ("While state law determines the period of limitations, federal law

---

[5] Section 1985 contains discrete substantive clauses. Section 1985(1) concerns preventing an officer of the United States from performing his or her duties. The first clause of section 1985(2) concerns conspiracy to obstruct justice in the federal courts, or to intimidate a party, witness or juror in connection therewith. The second clause of § 1985(2) provides a cause of action if:

> two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

The first clause of § 1985(3) provides a cause of action for a private conspiracy to deny equal protection of the laws. The second clause of § 1985(3) provides a cause of action for a conspiracy designed to "prevent[] or hinder[] the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws." The third clause of § 1985(3) concerns conspiracies to interfere with federal elections.

Construing Cole's Second Amended Complaint liberally, Cole appears to assert a claim under § 1985(2) or the first clause of § 1985(3).

determines when a cause of action accrues.  Under federal law, a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." (Citation omitted.)).  The court concludes that Cole knew or had reason to know of his injuries from the alleged conspiracy before May 17, 2003, such that the limitations period expired before Cole filed his Complaint in 2005.  *See* Second Amended Complaint at 7-13 (alleging that Cole's property was damaged in 2001 and that Cole complained to various State and County officials beginning in 2001).

Cole contends that the alleged conspiracy continued through 2005, potentially tolling the statute of limitations.  *See Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002) ("When a tort involves continuing wrongful conduct, the statute of limitations doesn't begin to run until that conduct ends.  The doctrine applies where there is no single incident that can fairly or realistically be identified as the cause of significant harm." (Citations and internal quotation signals omitted.)).  Construing Cole's Second Amended Complaint liberally, Cole attempts to assert that there existed a conspiracy to deprive him of his constitutional rights and that this conspiracy began in 2001 and continued through 2005.

Nevertheless, as the Ninth Circuit explained in *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986):

> The Ninth Circuit determines the accrual of civil conspiracies for limitations purposes in accordance with the last overt act doctrine. Under this doctrine, injury and damage in a civil conspiracy action flow from the overt acts, not from the mere continuance of a conspiracy. Consequently, the cause of action runs separately from each overt act that is alleged to cause damage to the plaintiff, and separate conspiracies may not be characterized as a single grand conspiracy for procedural advantage. Accordingly, plaintiffs may recover only for the overt acts . . . that they specifically alleged to have occurred within the . . . limitations period.

(Citations, internal quotation signals, and brackets omitted.) The Ninth Circuit has consistently held that a continuing impact from a past violation is not actionable. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). In other words, in raising a claim for damages pursuant to § 1985, Cole may only recover for injuries he suffered because of overt acts that occurred since May 17, 2003.

Cole's Second Amended Complaint does not allege that, since May 17, 2003, he has been injured by an overt act in furtherance of the conspiracy. Item #1 above alleges only that an engineer from the County provided truthful information, and Cole does not allege that he was injured in any way as a result. As discussed above, items 2, 3, 4, and 5 similarly fail to allege any cognizable

harm.  And although Cole alleges that an ongoing conspiracy exists, his Second Amended Complaint fails to set forth any factual allegations to support this claim.

In sum, Cole has failed to allege a cognizable claim under § 1985.  He does not allege that, within the limitations period, there was a conspiratorial act that injured him.  At best, he alleges that he has continued to suffer from an alleged wrong that occurred prior to the statutory period.  Consequently, the court grants the County's motion as to Cole's § 1985 claim.

     d.    <u>42 U.S.C. § 1986</u>

Cole asserts a claim under § 1986 for the Defendants' alleged failure to prevent a § 1985 conspiracy.  However, a violation of § 1986 depends upon the existence of a valid § 1985 claim.  42 U.S.C. § 1986 ("Every person who, having knowledge that any of the wrongs conspired to be done and mentioned in the preceding section [§ 1985], are about to be committed, and having power to prevent . . . the same, neglects or refuses so to do . . . shall be liable to the party injured[.]"); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1040 (9th Cir. 1991) (noting that a § 1986 claim depends on the existence of a § 1985 claim).  As discussed above, Cole's § 1985 claim does not survive the Defendants' motions to dismiss.  It follows, therefore, that the Defendants are also entitled to dismissal of Cole's § 1986 claim.

**3.      Cole's Second Amended Complaint fails to state a claim pursuant to the False Claims Act**

Cole's Second Amended Complaint references the False Claims Act, 31 U.S.C. § 3729.  Cole has not complied with the procedural requirements for bringing a False Claims Act claim, however.  *See* 31 U.S.C. § 3730(b).  Consequently, to the extent that Cole's Second Amended Complaint sets forth a claim for relief pursuant to the False Claims Act, that claim is also dismissed.

Cole's Second Amended Complaint also references 18 U.S.C. § 371 (entitled "Conspiracy to commit offense or to defraud United States").  This statute provides that a conspiracy to commit any offense against the United States, or a conspiracy to defraud the United States, is unlawful and is punishable by fines and/or imprisonment.  There is no private cause of action under § 371.  Therefore, to the extent that Cole's Second Amended Complaint sets forth a claim for relief pursuant to § 371, this claim is likewise dismissed.

C.      Granting Cole leave to amend would be futile

Cole's Second Amended Complaint is over twenty-seven pages long and contains detailed factual allegations.  This document also represents Cole's third attempt at setting forth cognizable claims for relief.  Consequently, the court concludes that granting Cole leave to amend his complaint further would be futile.

22

*See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 356 (9th Cir.

1996) (affirming the district court's denial of leave to amend "[b]ecause the

proposed claim would be redundant and futile").

IV.  <u>CONCLUSION</u>

The Defendants' Motions to Dismiss are GRANTED, and Cole's

Second Amended Complaint is dismissed with prejudice.  As this order disposes

of

\\

\\

\\

\\

\\

\\

all outstanding matters in this case, the clerk of the court is instructed to enter

judgment in favor of the Defendants and close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 24, 2006



J. Michael Seabright
United States District Judge

Cole v. State of Hawai'i and County of Hawai'i, Civ. No.  05-00325 JMS; Order Granting
Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint