IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAN A. COLE, | ) CIVIL NO. 05-00325 JMS/BMK |
| | ) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S |
| | ) MOTION TO VACATE THE ORDER |
| vs. | ) GRANTING DEFENDANTS' |
| | ) MOTIONS TO DISMISS |
| STATE OF HAWAII, COUNTY OF | ) PLAINTIFF'S SECOND AMENDED |
| HAWAII, JOHN DOE 1-50, JANE | ) COMPLAINT FILED ON JANUARY |
| DOE 1-50, DOE CORPORATIONS 1- | ) 25, 2006 |
| 10, DOE PARTNERSHIPS 1-10, DOE | ) |
| GOVERNMENT AGENCIES 1-10, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE THE ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FILED ON JANUARY 25, 2006**

**I. INTRODUCTION**

On January 16, 2008, pro se Plaintiff Dan A. Cole filed a Motion to Vacate Judgment ("Motion to Vacate"), which seeks to set aside the court's January 25, 2006 Order Granting Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint ("January 25, 2006 Order").[1]  Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.  After

---

[1] Although Plaintiff seeks to "vacate the judgment ordered on January 24, 2006," the court's Order and Judgment were filed on January 25, 2006.

careful consideration of Plaintiff's Motion to Vacate and the supporting and opposing memoranda, the court DENIES Plaintiff's Motion to Vacate.

## II.  DISCUSSION

A recitation of the facts and procedural history of the case is set forth in the January 25, 2006 Order and need not be recounted here.  The court briefly summarizes the arguments in Plaintiff's Motion to Vacate.  Plaintiff repeats his arguments that:  (1) the State and County violated his constitutional rights in failing to remedy the damage to his property; and (2) the State and County deprived him of his Fourteenth Amendment property rights because he is unable to sell or transfer his property.

### A.    Plaintiff's Pleading is Construed as a Rule 60(b) Motion

In reviewing a pro se petition, the court must construe the pleadings liberally.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal court to liberally construe the 'inartful pleading' of pro se litigants." (*citing Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))).  Accordingly, the court construes Plaintiff's Motion to Vacate as a motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b).

Rule 60(b) provides for relief only upon a showing of (1) mistake,

inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) "extraordinary circumstances" which would justify relief.  Fed. R. Civ. P. 60(b).[2]

In his Motion to Vacate Plaintiff does not allege any of the grounds for Rule 60(b) relief.[3]

## B.     Plaintiff's Motion Is Untimely

A Rule 60(b) motion must be made within a "reasonable time -- and

---

[2] Rule 60, as cited, became effective December 1, 2007 and "shall govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending."  *See* April 30, 2007 Order of the Supreme Court of the United States Amending Rules; *see also* Fed. R. Civ. P. 86 (stating that the "rules and amendments take effect at the time specified by the Supreme Court, subject to 28 U.S.C. § 2074" and govern pending proceedings unless "the Supreme Court specifies otherwise," or "the court determines that applying them in a particular action would be infeasible and work and injustice").  "The language of Rule 60 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules.  These changes are intended to be stylistic only."  Rule 60 Advisory Committee Notes, 2007 Amendments. Because the amended version of Rule 60 governs, and no substantive change in the law was intended, the court interprets the new rule by applying precedent related to prior version of Rule 60.  *See United States v. Wilson*, 429 F.3d 455, 458 n.2 (3d Cir. 2005) (noting that amendment moving Fed. R. Crim. P. 32 into Fed. R. Crim. P. 11(d) did not substantively change the rule such that "precedent referring to Rule 32 continues to be authoritative").

[3] On February 13, 2008, Cole filed Plaintiff's Response to Defendants' Memorandum in Opposition to Plaintiff's Motion to Vacate Judgment ("Response").  In his Response, Plaintiff alleges for the first time that he is required, under penalty of law, to report a "pattern of racketeering activity by an enterprise formed and controlled by Japanese/Asian, racial, ethnic, and cultural bonds and obligations that corruptly controls, or influences County, State, and Federal offices and officials in Hawaii." *Id.* at 4.  Plaintiff asserts that, if allowed discovery, the existence of this alleged "RICO enterprise" will be "exposed." *Id.* at 5.  This new argument is not properly raised in a motion under Rule 60(b), and therefore, will not be considered by the court.

for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "What constitutes a 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the prejudice to the opposing parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam). Moreover, a party who files for Rule 60(b) relief after the time for appeal has expired must establish "the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal." *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982) (citation omitted).

        Plaintiff filed the present motion nearly two years after his case was dismissed, or more than 22 months after the time to appeal that dismissal had expired. *See* Fed. R. App. P. 4(a). He is thus precluded from seeking to vacate the judgment based on mistake, newly discovered evidence, or fraud under subsections (1)-(3). To the extent Plaintiff seeks relief under subsections (4), (5), or (6), he has offered no explanation to excuse the delay in filing his motion, regardless of how it is construed. *See Plotkin*, 688 F.2d at 1293.

///

///

**C.    Plaintiff Fails to Allege Extraordinary Circumstances Justifying Relief Under Rule 60(b)(6)**

Even assuming that the Motion to Vacate was timely filed, Plaintiff's only possibility for relief is under the catch-all provision of Rule 60(b)(6), which is used "sparingly as an equitable remedy to prevent manifest injustice." *Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007) (citation and internal quotation signals omitted).  Rule 60(b)(6) applies only where "extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *See Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (citations and internal quotation signals omitted).

Plaintiff has made no such showing.  His failure to appeal "may be attributable to inattention or inexperience but neither deficiency constitutes an extraordinary circumstance that justifies Rule 60(b) relief." *Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. 2004) (citation and internal quotation signals omitted); *see also Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) ("Neglect or lack of diligence is not to be remedied through Rule 60(b)(6)." (citation omitted)).

Notwithstanding the untimeliness of the Motion to Vacate, Plaintiff's

supporting arguments do not set forth any basis from which the court could construe that satisfactory legal grounds for Rule 60(b) relief have been presented. Plaintiff instead merely repeats arguments previously rejected by the court.[4]

### III. CONCLUSION

For the reasons stated herein, Plaintiff 's Motion to Vacate Judgment is DENIED.

DATED: Honolulu, Hawaii, February 25, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Cole v. State of Hawaii, et al.*, Civ. No. 05-00325 JMS/BMK, Order Denying Plaintiff s Motion to Vacate the Order Granting Defendants' Motions to Dismiss Plaintiff's Second Amended Complaint Filed on January 25, 2006.

---

[4] Insofar as Plaintiff challenges the validity of the court's August 16, 2005 Order Granting Motions to Dismiss Complaint and Amended Complaint With Leave to Amend, he has not offered legal authority sufficient to cause the court to revisit its prior opinion.